*Wood, J.
.This is a bill in chancery, filed by the vendor, against the vendee, to compel the specific execution of a contract, by him, for the purchase of one undivided third part of two acres of land, in the township of Portland, in th^ county of Erie, with the improvements thereon. This contract was executed between the parties on June 2, 1838; and, by its terms, the consideration agreed to be paid was $2,500 ; $1,000 was paid in hand; $500 was agreed to be paid oh July 6, 1838; $500 on July 6,1839, and $250 on July 6, 1840; the deferred payments bearing interest. The two last installments, of $750, with the interest thereon, remain unpaid.
The respondent in his answer admits these facts, and avers his readiness to comply with the terms of the contract, provided ho can do it with safety to his own interest; but insists upon the inability of the complainant to make him a good title, on completing the payments; and the doubt arises under the following circumstances: At the December term of the court of common pleas of Huron county, 1837, six months before the date of the contract, Festus Clark recovered judgment against the complainant and others for over $2,000. At the date of this judgment, the land was embraced within the territorial limits of Huron county. Davidson, and others, then filed their bill in chancery, praying for relief against this judgment. Such proceedings were had*that this suit in chancery was appealed to the Supreme Court, and, at the August term, 1840, $1,156.77 of the judgment of Clark, against the complainant and others, was perpetually enjoined; and the injunction of the common pleas, as to the residue, dissolved, *86 leaving, therefore, Clark’s judgment, to the amount of $944.26, in full force againt the complainant.
In March, 1838, the county of Erie was erected and organized, embracing a part of the territory which before belonged to Huron county, and in which the land in controversy is situated. The only reservation of rights, in suits pending, etc., *in this act organizing the county of Erie, is in reference to proceedings before justices of the peace; while the higher judicial tribunals seem to have been entirely overlooked, or their proceedings regarded as entirely unworthy of consideration by the legislature. No execution has ever issued on Clark’s judgment; and being a lien upon the lot in question, at its rendition, in December, 1837, the question arises whether it still continues a subsisting lien, and unless extinguished, prevents the complainant from conveying an unincumbered fee to the respondent.
Section 2 of the act entitled “an act regulating judgments and executions,” provides “ that the lands and tenements of the debtor shall be bound for the satisfaction of any judgment against such debtor, from the first day of the term at which judgment shall be rendered, in all cases where such land lies within the county where the judgment is entered; and all other lands, as well as-goods and chattels, of the debtor, shall be bound from the time they shall be seized in execution.” Judgment liens are of a purely legal character. They do not exist at common law. Their creation, extension, and continuance depend entirely upon statutory provision. Their operation, as a part of the remedy to enforce the-collection of a debt, is governed by the terms of the statute. That the lien may attach, it is certain that, by the statute, the land must be in the county where the judgment is rendered, at the time of its rendition ; or, if in another county, there must be an actual levy. And it is, therefore, supposed that when a new county is organized, with no saving clause in the act, and land subject to a judgment lien, in the old county, fall within the new organization, the lion ceases to exist. We do not think so. The lien being given by express provision, although it is admitted, as a part of the remedy, to be within the control of the legislature, must, nevertheless, remain until lost by the act of the judgment creditor, or taken away by subsequent legislation. There is nothing, express or implied, in the act of 1838, organizing Erie county, inconsistent with the existence or enforcement of this lien. It may be said *87 that, after the division of the counties, the records of Erie furnish no notice of this incumbrance to the purchaser. This is true; nor would they furnish such notice had there been ever so extensive a saving clause in the act. There is no difference, in our opinion, in principle, between this judgment lien and a lien created by mortgage, recorded in Huron county before the division. The record of Erie would have given no notice of the fact at the date of this purchase by the respondent. The law requires all instruments by which lands are incumbered to be recorded in the county where the land lies; but it has never been supposed that liens, created by such instruments, became inoperative, because the land incumbered, by a subsequent division, fell into a different county than that in which such instruments were recorded. Nor has a new record, in such case, been considered necessary to protect the grantee against subsequent purchasers without notice. The analogy between the two cases is complete.
The case of the People v. Morrell, 21 Wend. 575, is relied upon by the complainant as an authority that Clark’s judgment lien was lost with the division of the county. If there is any analogy between the cases, it is very remote; so much so as not to be seen by us. In that case, the court held the division of a county ejected from office an associate judge of the court of common pleas, who fell within the new division; that his residence was changed by the operation of the law, and that the law required a continued residence in the old county as a qualification to hold and enjoy the office.
In the case at bar the law requires the land to lie in the county at the rendition of the judgment, that the lien may attach, but not that it shall continue in the same county that the lien may be preserved. 1
If, in this case, the amount due from the respondent to Davidson was sufficient to liquidate Clark’s judgment, there would be no difficulty in decreeing a specific execution of the contract, and protecting fully the respondent’s rights, by his seeing to the application of the money due the complainant to Clark’s judgment ; but such is not the fact. The difference is nearly $300; and until this'judgment lien is removed by the ^complainant, the respondent should not be required to further execute the contract on-his part, by paying the balance of the consideration.
Bill dismissed without prejudice.